IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 26, 2002

## STATE OF TENNESSEE v. FRANKIE LEE WOODARD

**Direct Appeal from the Circuit Court for Robertson County**
**No. 99-0414     John H. Gasaway, III, Judge**

_____

**No. M2001-02840-CCA-R3-CD - Filed June 25, 2003**

_____

The appellant, Frankie Lee Woodard, was indicted on October 29, 1999, by the Robertson County Grand Jury on one count of theft of property over $500. The appellant was found guilty as charged and sentenced to four years in the Tennessee Department of Correction. The appellant now appeals contending that the evidence was not sufficient to support his conviction for theft of property over five hundred dollars and that the trial court improperly instructed the jury regarding the value of the stolen item. After a review of the record before this Court we find these issues have no merit and therefore affirm the judgment of the trial court.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

William F. Kroeger, Springfield, Tennessee, for the appellant, Frankie Lee Woodard.

Paul G. Summers, Attorney General & Reporter; Renee W. Turner, Assistant Attorney General; John Carney, District Attorney General; and Dent Morriss, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Background

In September, 1999, Gary Keay was remodeling a house and found that he needed a Dewalt compound mitre saw. Mr. Keay testified that he purchased the saw at A-1 Pawnshop in Mount Juliet. Although this type of mitre saw usually sells for $650, Mr. Keay only paid $450.00. Keay testified that the saw he purchased was in practically new condition.

On September 13, 1999, Mr. Keay was working along the highway when the defendant pulled over to ask to borrow a tool. Keay testified that he had known the defendant for about twenty years. Keay testified that after he returned home that night he parked his service truck behind his house and the mitre saw was in the backseat of the truck. When Keay arrived at work the next day, he discovered that the saw was no longer in his truck. He reported it stolen that evening.

On September 16, 1999, Keay observed appellant leaving Long's Service Station and he went into the station and found his stolen mitre saw. The owner of the service station, Paul Long, testified that the appellant came into his station and sold him the saw for $150.00. Mr. Keay notified the sheriff's department and Deputy Garcia responded to the call. Deputy Garcia photographed the saw and that evening Keay took his saw home. Prior to September 16, 1999, Keay had bought an identical saw at Home Depot and paid $650.00 for it. Keay further testified that he then sold the once-stolen saw for $450.00.

Margaret Witherspoon testified that she recalled going to Long's Service Station with the defendant. She also identified the State's Exhibit 1 and a photograph of the saw that appellant sold to Mr. Long.

Sufficiency of the Evidence

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. Id. The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. See Tenn. R. App. P. 13(e); Harris, 839 S.W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." See Tuggle, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence in evaluating the convicting proof. State v. Tilson, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." Id. at 779.

The appellant relies upon the testimony of Mr. Keay that he only paid $450.00 for the mitre saw at the pawn shop. Mr. Keay also testified that he sold the once-stolen saw for $450.00. However, when Mr. Keay replaced the saw he paid $650.00. He testified the even though he paid $450.00 for the saw, in his opinion he received a bargain because the saw was worth at least $600.00.

See Tenn. R. Evid 701(b) (allowing lay opinion testimony as to the value of the lay witness' own property).

Based on this information and our review of the record, this court find that the evidence was sufficient to support the appellant's conviction for theft over $500.00. Therefore, this issue is without merit.

Jury Instruction

The appellant raised the issue of whether the trial court properly instructed the jury on determining the value of the stolen item. The appellant did not make an objection to the jury instruction at trial. He did however raise this issue in his Motion for a New Trial which was denied on October 29, 2001. Therefore, we will review this issue.

The trial court has a duty to "to give a complete charge of the law applicable to the facts of a case." State v. Harbison, 704 S.W.2d 314, 319 (Tenn. 1986); see also Tenn. R. Crim. P. 30. "[The] defendant has a constitutional right to a correct and complete charge of the law." State v. Teel, 793 S.W.2d 236, 249 (Tenn. 1990). However, jury instruction must be reviewed in the context of the overall charge rather than in isolation. See Sandstrom v. Montana, 442 U.S. 510 (1979); see also State v. Phipps, 883 S.W.2d 138, 142 (Tenn. Crim. App. 1994). Erroneous jury instructions requires a reversal, unless the error is harmless beyond a reasonable doubt, See Welch v. State, 836 S.W.2d 586 (Tenn. Crim. App. 1992).

At trial the court gave the following instruction regarding value:

> If you find the defendant guilty of this offense beyond a reasonable doubt, you must go further and fix the range of value of the property.
>
> Value is the fair market value of the property at the time and place of the offense. A witness may testify to the value of the witness's own property.
>
> The State has the burden of proving this value beyond a reasonable doubt as defined in these instructions. The jury will fix the value of the property obtained along with its verdict by indicating which of the following ranges the value falls within:
>
> 1. Five hundred dollars ($500) or less;
>
> 2. More than five hundred dollars ($500), but less that one thousand dollars ($1,000).

Although the defendant admits that this instruction is a correct statement of the law, he alleges that the instruction is misleading because it creates a conclusive presumption that cannot be rebutted, that a witness' opinion as to the value of his own property establishes the value of the item beyond a reasonable doubt. See State v. Martin, 702 S.W.2d 560 (Tenn. 1985).

Reviewing the jury instructions as a whole, it appears that the jury members were clearly instructed that they were the exclusive arbiters of the facts in the case and that they were free to accept or reject any witness' testimony in whole or in part. Moreover, the jury was instructed that the burden of proving every element of the offense in this case, including value, remained on the state at all times. Moreover, the defense did not put on any proof that would arguable rebut the victim's testimony regarding the value of his stolen property. Under these circumstances we believe the defendant's jury was given clear, complete and accurate instructions. This issue is without merit.

Conclusion

Based on the foregoing, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE